**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|             ) | |
|             Plaintiff,     ) | Case No.  2:13-cr-00381-APG-CWH |
|             ) | |
| vs.                          ) | **ORDER** |
|             ) | |
| KEVIN STUBBS, et al.,        ) | |
|             ) | |
|             Defendants.   ) | |
| _____ ) | |

This matter is before the Court on Defendant Kevin Stubbs' Motion for Joinder (#55), filed February 7, 2014, and Defendant Kevin Stubbs' Motion to Transport (#58), filed February 21, 2014.  The motions are interrelated.  In his motion (#55), Kevin Stubbs makes the cursory request to join in the pending motion to suppress (#50) filed by his co-Defendant Corey Stubbs.  In motion (#58), Kevin Stubbs requests that he be transported to Court to attend the hearing currently scheduled for March 5, 2014 on the pending motion to suppress (#50).

First, the Court notes that neither motion cites any points or authorities in support of the relief requested.  Defendant's counsel, a member of the Court's CJA panel, is well aware that motions must be supported by points and authorities.  *See* Local Criminal Rule 47-9 ("The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion.").  Second, during the hearing on Defendant's prior motion to suppress (#34), the following colloquy occurred:

> Court: Your motion [#34] addresses the search of the vehicle.  It mentions the search of the house . . . and it attaches the affidavit . . . that supported the search warrant, but I didn't see anything in your papers dealing with the search of the house, probably because there's no evidence that's been seized in the house that's going to be used against your client.

Mr. Drummond: We don't believe so, [y]our Honor.  He has not been charged with possession of anything in the house.  He's been charged with simply possession of the pistol in the vehicle.

Court: Okay.  All right. So, [n]umbe 34 then, your [m]otion [t]o [s]uppress, really addresses the facts and circumstances surrounding the seizure of evidence in the vehicle and whether or not that evidence should be suppressed?

Mr. Drummond: Yes, [y]our Honor.

*See* Transcript of Proceedings (#53) at 11:19 - 12:11.  Based on this colloquy, and the lack of any explanation in motion (#55), the Court finds that, at this time, there is no basis for joinder. Defendant Kevin Stubbs is invited to re-file his motion to address what evidence he seeks to suppress.

Lastly, the pending motion to suppress (#50) raises a question under the Fourth Amendment.  It is axiomatic that an individual seeking to exclude evidence allegedly obtained in violation of the Fourth Amendment must have standing to challenge the illegal conduct that led to the discovery of the evidence.  *United States v. Pulliam*, 405 F.3d 782, 785-786 (9th Cir. 2005) (citation omitted).  The proponent of a motion to suppress has the burden of establishing that his Fourth Amendment rights were violated by the challenged search or seizure.  *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005) (citation omitted).  If Defendant chooses to re-file his motion for joinder, he must also clearly articulate the basis for his standing to challenge the search of the home.

Because the Court denies the motion for joinder (#55), the motion to transport (#58) is denied as well.  The Court notes that, as a practical matter, the motion to transport is not necessary. If Defendant Kevin Stubbs is permitted to join the pending motion (#50), arrangements will be made for his transport to and from the hearing.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Kevin Stubbs' Motion for Joinder (#55) is **denied without prejudice**.  Any renewed request for joinder must be filed by **12:00 PM on Friday, February 28, 2014**.

**IT IS FURTHER ORDERED** that Defendant Kevin Stubbs' Motion to Transport (#58) is **denied**.

2

DATED: February 25, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**