**DRUMMOND & NELSON LAW FIRM**
Craig W. Drummond, Esq.
Nevada Bar No. 011109
228 South Fourth St., First Floor
Las Vegas, NV 89101
T: (702) 366-9966
F: (702) 508-9440
craig@drummondfirm.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 2:13-CR-00381-APG-CWH |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT KEVIN STUBBS'** |
| | ) **SUPPLEMENT TO ORAL MOTION** |
| KEVIN STUBBS, | ) **TO DISMISS FOR BRADY** |
| | ) **VIOLATION** |
| Defendant. | ) |

COMES NOW, Defendant, KEVIN STUBBS, and his counsel of record, CRAIG W. DRUMMOND, ESQ., hereby files this Supplement to his oral Motion to Dismiss and requests that it be heard on an Emergency basis as trial in this matter is ongoing this April 21, 2014.

LCR 12-1 Certification: This Motion is being filed untimely as the subject evidence was untimely turned over by the government on April 9, 2014, April 14, 2014, and April 21, 2014 respectively.

DATED this **2ᶜ** day of April, 2014.

DRUMMOND & NELSON

By _____
Craig W. Drummond, Esq.
Attorney for Defendant Kevin Stubbs

**FACTUAL HISTORY**

Defendant Kevin Stubbs agrees and hereby incorporates the entire factual history outlined in his Co-Defendant's pending motion [Doc. 77]. By filing this Motion Defendant Kevin Stubbs is in no way intentionally waiving his speedy trial rights or requesting to continue the trial date. Mr. Stubbs is currently in pre-trial custody in Pahrump, Nevada on almost 24 hour lockdown. Mrs. Stubbs has previously asserted his speedy trial rights on multiple occasions. It is not Mr. Stubbs' fault that exculpatory Brady material was withheld from him by the government until this late date and that additional evidence is now being turned over in violation of

This case has been pending before the Court since October 8, 2013. The case is not complex, involving only two defendants, Corey Stubbs and Kevin Stubbs, and allegations of firearm possession. Defendant Kevin Stubbs has been in custody since his arrest in this case, on September 28, 2013.

This is an extremely weak case whereby on September 27, 2013, law enforcement officers observed Defendant Corey Stubbs exited a vehicle alone from the driver's seat. [Doc. 64, page 2, "Finding and Recommendation."] Later in the day, officer's observed Defendant Corey Stubbs return to the vehicle with Defendant Corey entering the driver's compartment and Defendant Kevin Stubbs entering the passenger side. [Doc. 64, page 3.] Once the law enforcement patrol vehicles approached, Defendant Kevin Stubbs exited the vehicle and ran towards the residence. Id. Defendant Corey Stubbs remained in the driver compartment of the vehicle. Later, officer's found a handgun on the passenger seat of the vehicle. Id.

The government previously moved for a continuance of the trial date on December 10, 2013 "for the availability of an essential witness." [Doc. 25] Later the government announced ready at this case on April 9, 2014. [Doc. 82] It was believed at that time that the government complied with its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Previously, both Defendants were prepared to start trial, as scheduled, on December 16, 2013. The government represented it was also prepared for trial and had disclosed all discoverable evidence, but was not ready but/for the absence of witness Detective S. Farrington.

DRUMMOND & NELSON LAW FIRM
228 South Fourth St., First Floor
Las Vegas, NV 89101
www.DrummondFirm.com

1    The second Calendar Call in this case was on April 9, 2014 at 8:45a.m., at which time the

2    United States' announced ready.   At 2:55p.m. the government disclosed, for the first time, an

3    Officer's Report. See Exhibit 1.   This report clearly outlines that Co-Defendant Corey Stubbs told

4    law enforcement "It's mine, he has kids" regarding the subject handgun, for which Kevin Stubbs

5    is being charged with possessing.  **The report is dated September 28, 2013 at 0035 hours.**

6    The day before Calendar Call on April 8, 2014 at 9:56a.m, the government disclosed a

7    "Report of Examination" for latent prints that noted that "no suitable prints developed" on the

8    subject handgun.  See Exhibit 2.  This report was clearly exculpatory and should have been

9    provided well before as it proves that Defendant Kevin Stubbs' prints were not on the subject

10   firearm.  **The "Distribution Date" on the report was February 19, 2014.  It was not turned**

11   **over to the defense until April 8, 2014.**

12   Furthermore, on April 14, 2014, the government disclosed an unredacted "Arrest

13   Report" outlining that Defendant "Kevin had made threats to credible threats toward law

14   enforcement officers to shoot it out with them instead of going to jail." See Exhibit 3.  This

15   unredacted report was previously requested by the defense to the government on November 14,

16   2013, however never provided.  See Exhibit 4.

17   This case has been governed by the presumption of a Joint Discovery Agreement being in

18   existence.  See Minute Order [Doc.12].  As such, "[a]ll parties shall be deemed to have made all

19   requests or demands, and reciprocal requests, for discovery or any notices required by statute, rule,

20   or the United States Constitution…" See LCR 16.1(b)(D)(i).  No information about any

21   confidential informants has been provided by the government to Mr. Stubbs.  Additionally,

22   because this unredacted report was apparently withheld by the government, no opportunity to file

23   any motions or litigate any issues in regards to this report, the statements contained therein, or

24   confidential informants, was ever available to the defense.

25   Finally, because the exculpatory statements of Defendant Kevin Stubbs' co-conspirator

26   Corey Stubbs was previously withheld by the prosecution team, Defendant Kevin Stubbs was

27   unable to litigate such issues in any pre-trial motions, nor able to conduct any examination/cross-

28   examination about such at the earlier Motion to Suppress where a hearing was held and two law

DRUMMOND & NELSON LAW FIRM
228 South Fourth St., First Floor
Las Vegas, NV 89101
www.DrummondFirm.com

1 enforcement officers testified.  As Defendant Kevin Stubbs has remained in pre-trial custody, and

2 has continued to adamantly assert his speedy trial rights, he is continuing to be prejudiced by this

3 late disclosure.

4      Now, after voir dire of the Jury began the United States produced a "Report of

5 Examination" of DNA Forensic Casework outlining that the subject handgun in this case had the

6 DNA of Co-Defendant Corey Stubbs on it and not any DNA of Defendant Kevin Stubss.  See

7 Exhibit 5.  This report was signed on March 17, 2014 and the "Distribution Date" was March 17,

8 2014.  Id.  This is clearly exculpatory evidence as now the evidence proves that the last person in

9 the vehicle was Co-Defendant Corey Stubbs.  See supra [Doc. 64]

10      **Bottomline:** 1) The government did not turn over an exculpatory admission/statement

11 against interest by a co-defendant dated September 28, 2013 to defense until April 9, 2014; 2) the

12 government did not turn over to defense an exculpatory latent print analysis with a "Distribution

13 Date" of February 19, 2014 until April 8, 2014; 3) the government did not turn over an unredacted

14 Arrest report that was requested on November 14, 2013 until April 14, 2013; and 4) the

15 government did not turn over an exculpatory DNA report with a "Distribution Date" of March 27,

16 2014 until after voir dire began on April 21, 2014.

17      During all of the above, Defendant Kevin Stubbs has remained in pre-trial custody on 24

18 hour lockdown and continually demanded a speedy trial causing him to be prejudiced by these

19 continued late disclosures of exculpatory Brady material.

20 **POINTS & AUTHORITIES**

21      A criminal defendant has an absolute right to the discovery of exculpatory and

22 impeachment evidence in the possession of the prosecutors.  See Brady v. Maryland, 373 U.S. 83,

23 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).  Additionally, prosecutors have a duty to learn of

24 favorable evidence known to others acting on the government's behalf in a particular case. See e.g.

25 Kyles v. Whitley, 514 U.S. at 437, 115 S. Ct. at 1567, 131 L. Ed. 2d at 507.

26      In this case, the United States Attorney's Office had a duty to learn and gather all

27 favorable evidence in this case in the possession of the Las Vegas Metropolitan Police Department

28 who was acting on their behalf in this case. A district court's reliance on the prosecutor's lack of

DRUMMOND & NELSON LAW FIRM
228 South Fourth St., First Floor
Las Vegas, NV 89101
www.DrummondFirm.com

personal knowledge of the Brady material demonstrated a clearly erroneous understanding of the law as it has existed at least since Kyles v. Whitley,514 U.S. 419, 438, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); see also Jackson v. Brown, 513 F.3d 1057, 1073 (9th Cir.2008). The term "suppression" does not describe merely overt or purposeful acts on the part of the prosecutor; sins of omission are equally within Brady's scope. See Benn v. Lambert, 283 F.3d 1040, 1053 (9th Cir.2002) ("[T]he terms `suppression,' `withholding,' and `failure to disclose' have the same meaning for Brady purposes.").

The Supreme Court has clearly held that "Brady suppression occurs when the government fails to turn over even evidence that is `known only to police investigators and not to the prosecutor.'" Youngblood v. West Virginia, 547 U.S. 867, 869-70, 126 S.Ct. 2188, 165 L.Ed.2d 269 (2006) (per curiam) (quoting Kyles, 514 U.S. at 438, 115 S.Ct. 1555), see also United States v. Price, 566 F.3d 900 (9th Cir. 2009) (holding that in a Brady analysis, the district court should have considered whether the government failed to disclose the relevant information in the possession of any of its agents involved in Price's prosecution, not just what the prosecutor himself personally knew.)

In United States v. Bagley, 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985), the Supreme Court expanded the definition of favorable evidence to include both exculpatory evidence and impeachment evidence, because "such evidence is favorable to the accused" [citation omitted], so that, if disclosed and used effectively, it may make the difference between conviction and acquittal. Bagley, 473 U.S. at 676, 105 S.Ct. at 3380.

"Impeachment evidence is especially likely to be material when it impugns the testimony of a witness who is critical to the prosecution's case." Silva v. Brown, 416 F.3d 980, 987 (9th Cir.2005).  Defense counsel may have "abandon[ed] lines of independent investigation, defenses, or trial strategies that it otherwise would have pursued," Bagley, 473 U.S. at 682; see also United States v. Fisher, 106 F.3d 622, 634-35 (5th Cir. 1997) (late disclosure deprived defendant the opportunity to depose the author of a report that contradicted a government witness and to prepare strategy and testimony appropriately);

DRUMMOND & NELSON LAW FIRM
228 South Fourth St., First Floor
Las Vegas, NV 89101
www.DrummondFirm.com

DRUMMOND & NELSON LAW FIRM
228 South Fourth St., First Floor
Las Vegas, NV 89101
www.DrummondFirm.com

1      Late disclosure of Brady material also means that defense counsel would have been unable

2  to capitalize on evidence that would have reinforced the defense's theory of the case.  United

3  States v. Washington, 263 F.Supp.2d 413, 422 (D. Conn. 2003) (because of belated Brady

4  disclosure, "there was no opportunity for the defense to weave [prosecution witness'] conviction

5  into its overall trial strategy."); see also Miller v. United States, 14 A.3d 1094, 1116-17 (D.C.

6  2011) (holding that "exculpatory evidence must be disclosed in time for the defense to be able to

7  use it effectively, not only in the presentation of its case, but also in its trial preparation.")

8      It is extremely concerning and there are serious questions as to why this evidence was

9  withheld and by whom, and why this statement was also never mentioned in the testimony of two

10  Las Vegas Metropolitan Police Officers at Defendant Kevin Stubbs' Suppression Hearing on

11  January 31, 2014, where questions about statements were made - a transcript of the hearing was

12  prepared [Doc. 53.]  Moreover, as Defendant Kevin Stubbs remains in custody he is being

13  prejudiced by the government's untimely disclosure of this evidence.  Current counsel is not

14  insinuating the Mr. Robert Knief, AUSA, intentionally withheld these reports and evidence.

15  However, that does not excuse the actions of others to look for this evidence, as well as the Las

16  Vegas Metropolitan Police Department, who was the investigating body on the United States'

17  behalf, regarding this case and current charges.

18      In United States v. Ted Stevens, the government itself motioned to set aside the verdict and

19  dismiss the case with prejudice based on admitted Brady violations.  See United States v. Stevens,

20  593 F.Supp.2d 177, 181 (D.D.Ct. 2009)  The judge voided the conviction. In United States v.

21  Chapman, the district court determined that the prosecutor violated both Brady and Giglio and the

22  district court declared a mistrial. 524 F.3d 1073, 1083- 84 (9th Cir. 2008).  Following a hearing on

23  the matter, the district court judge dismissed the indictment with prejudice. Id.  [On appeal, the

24  Ninth Circuit held that the mistrial was supported by a valid determination of manifest necessity

25  and thus, a retrial of the defendant would not violate the Double Jeopardy Clause. Chapman, 524

26  F.3d 1073, 1083-84 (9th Cir. 2008).]

27

28

1    WHEREFORE, based on the continuing failure of the government, and specifically the

2  prosecution law enforcement team, to timely turn over <u>Brady</u> material in this case this is a request

3  that the only appropriate and fair remedy at this time is to Dismiss the Superseding Indictment as

4  it relates to Defendant Keving Stubss.the

5    Respectfully submitted this ⅔ of April 2014.

6

7                                    DRUMMOND & NELSON

8

9

10                               By

11                                  Craig W. Drummond, Esq.
                                    Nevada Bar No. 11109
12                                  228 S Fourth Street, First Floor
                                    Las Vegas, NV 89101
13                                  Attorney for Defendant Kevin Stubbs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRUMMOND & NELSON LAW FIRM
228 South Fourth St., First Floor
Las Vegas, NV 89101
www.DrummondFirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___ day of April, 2014, the undersigned served the foregoing DEFENDANT'S SUPPLEMENT TO ORAL MOTION TO DISMISS on all counsel herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order

_____

An Employee of DRUMMOND & NELSON LAW FIRM

# Exhibit 1

LAS VEGAS METROPOLITAN POLICE DEPARTMENT

# OFFICER'S REPORT

"Click to Edit Event# on ALL Pages"                                Event #:    **130927-3727**

"Click to Edit Date/Time of Report"                    **"PRINT"**

Search Warrant

SUBJECT

| DIVISION REPORTING: | Firearms Investigations/GCB | DIVISION OF OCCURRENCE: | Patrol/EAC |
|---|---|---|---|
| DATE & TIME OCCURRED: | 9/28/2013 – 0035hrs | LOCATION OF OCCURRENCE: | 9735 Powell Platuea Ct. Las Vegas, Clark County, NV |

NARRATIVE:

## Details-

On the 28th day of September, 2013, a search warrant was served at the address of 9735 Powell Plateau Ct. Las Vegas, Clark County, Nevada. During the execution of that search warrant a shotgun was recovered from an upstairs bedroom. Corey and Kevin Stubbs reside at the above address and are both convicted felons and not allowed to possess firearms. I, Detective S, Farrington, P# 8244, of the LVMPD Firearms Investigations Unit was contacted and authored the search warrant.

Through the course of my investigation I was informed by an officer on scene that Corey wanted to speak with me. I contacted Corey and Kevin who were both sitting in the back seat of a patrol vehicle. Before speaking with either of them I asked if they had been given their Miranda warning. Both stated they had and that they understood they did not have to speak with me, but waived their right to having an attorney present.

Corey claimed that the shotgun that was found did not belong to them and said that the shotgun belonged to their father, Randall Stubbs, who is also a convicted felon. A second pistol was found in a embezzled car that Corey was driving and that Kevin was getting into. Kevin claimed that the pistol was not his even though it was sitting on the passenger seat where officers saw him exit from and attempt to gain entry into the residence once contacted by police. Kevin kept looking at Corey implying that the pistol was Corey's stating "I have kids I can't go back to prison."

Corey initially denied the pistol belonging to him, but after receiving what I would call describe as a "guilt trip" from Kevin, Corey tried to claim ownership of the pistol. Corey stated to me "It's mine, he has kids." I told Corey I did not believe him and asked him to describe the pistol to me. Corey was unsure what make and model the pistol was, but said the pistol was black in color and a semi-automatic. I told both Kevin and Corey that they were both being arrested for possessing firearms. Corey for the shotgun found in his bedroom and Kevin for the pistol found in the embezzled car. No further questions were asked of either of them and I shut the door to the police vehicle and walked away.

| | | | | | |
|---|---|---|---|---|---|
| Date and Time of Report: | 10/27/2013 | Officer: | S. Farrington | P#: | 8244 |
| Approved By: | | Officer: | | P#: | |
| | | SIGNATURE: | | | |

# **<u>Exhibit 2</u>**

**craig@drummondfirm.com**

| | |
|---|---|
| **From:** | Knief, Robert (USANV) <Robert.Knief@usdoj.gov> |
| **Sent:** | Tuesday, April 8, 2014 9:56 AM |
| **To:** | craig@drummondfirm.com |
| **Subject:** | Prints |
| **Attachments:** | doc02717420140219162649.pdf |

As requested

### *Robert A. Knief*
## Assistant United States Attorney
## District of Nevada
## 333 Las Vegas Blvd. South
## Las Vegas, Nevada 89101
## (O) 702−388−6214
## (C) 702−810−2857

| Las Vegas Metropolitan Police Department Forensic Laboratory Report of Examination Latent Prints | Distribution Date: February 19, 2014 |
| | Agency: LVMPD |
| | Primary Case #: 130927-3727 |
| | EX-Felon Poss F/A, Search |
| | Incident: Warrant |
| | Requester: Scott W Farrington |
| | Location: Gang Crimes Bureau |
| | Lab Case #: 13-06328 |

| Subject(s): | Kevin STUBBS (Suspect) |
| | Corey STUBBS (Suspect) |
| | Scott FARRINGTON (AFIS) |

The following evidence was examined and results are reported below.

### Latent Development and Recovery

| Lab Item # | Impound Pkg # | Impound Item # | Description | Results and Conclusions |
|---|---|---|---|---|
| Item 1 | 006474 - 1 | 1 | #1: BLK RUGER MOD LCP .380 CAL 3" BRL S/A H/G USA W/ MAG & AMMO | No suitable latent prints developed. |
| Item 2 | 006474 - 2 | 2 | #2: BLK MOSSBERG MOD 88 12GA 20" BRL PUMP S/G USA W/ AMMO | No suitable latent prints developed. |
| Item 6 | 006474 - 6 | 6 | #6: .762 MAGAZINES | No suitable latent prints developed. |
| Item 5 | 006474 - 5 | 5 | #5: BOX OF AMMO W/MAG | Latent print(s) recovered. |

### Latent Print Examination

| Lab Item # | Impound Pkg # | Card # | Description | Results and Conclusions |
|---|---|---|---|---|
| Item 7 | 8025 - 1 | L1 | One photograph from Item #5 - the box of cartridges | One suitable print(s) marked A: A - The latent print was excluded from the following: STUBBS, Corey STUBBS, Kevin Searched through AFIS with positive results; identified to the right thumb of FARRINGTON, Scott. |
| | | L2 | One photograph from Item #5 - the box of cartridges | One suitable print(s) marked A: A - The comparison was incomplete to the following: STUBBS, Corey STUBBS, Kevin FARRINGTON, Scott No detail was found in agreement; additional exemplars may result in a definitive conclusion. |

### Exemplar Prints

| Name | ID | Description |
|---|---|---|
| STUBBS, Kevin | 1992318 | LVMPD Archive finger and palm prints dated 9/28/2013 |
| STUBBS, Corey | 1999193 | LVMPD Archive finger and palm prints dated 9/28/2013 |
| FARRINGTON, Scott | 1687603 | LVMPD Archive fingerprints dated 11/26/2003 |

The following exemplars are needed to complete the comparisons in this case:
STUBBS, Corey - Need complete fingertip and edges of all distal phalanges
STUBBS, Kevin - Need complete fingertip and edges of all distal phalanges
FARRINGTON, Scott - Need complete fingertip and edges of all distal phalanges

PKT 1 OF 2 - LAB Report-Released-(4871).pdf

The evidence is returned to secure storage.

Technical Reviewer: Forensic Scientist Eric Sahota P#9932

*Kathryn Aoyama*

Kathryn M Aoyama, #8025                    02/18/2014
Forensic Scientist II

- END OF REPORT -

PKT 2 OF 2 - LAB Report-Released-(4871).pdf

# Exhibit 3

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
# ARREST REPORT

*May 1*

☐ City   ☒ County   ☒ Adult   ☐ Juvenile        Sector/Beat _____ S6 _____

| ID/EVENT# | ARRESTEE'S NAME *(Last)* | *(First)* | *(Middle)* | S.S # |
|---|---|---|---|---|
| 1992318 | Stubbs | Kevin | Shawn | |

| ARRESTEE'S ADDRESS | *(Number, Street, City, State, Zip Code)* |
|---|---|
| | 9735 Powell Plateau Ct Las Vegas, NV |

**CHARGES**
Own/Possess Gun by Prohibited Person

| OCCURRED | DATE | DAY OF WEEK | TIME | LOCATION OF ARREST *(Number, Street, City, State Zip Code)* |
|---|---|---|---|---|
| | 9/27/13 | Friday | 2112 | 9735 Powell Plateau Ct. Las Vegas, Clark County, NV |

| RACE | SEX | D O B | HT | WT | HAIR | EYES | PLACE OF BIRTH |
|---|---|---|---|---|---|---|---|
| W | M | | 5'4 | 160 | Bro | Blu | Las Vegas, NV |

| ARRESTING OFFICER #1 | P# | ARRESTING OFFICER #2 | P# |
|---|---|---|---|
| S Farrington | 8244 | | |

| CONNECTING REPORTS (Type or Event Number) |
|---|
| 130927-3727 |

APPROVED BY *(PRINTED NAME)* _____

CIRCUMSTANCES OF ARREST:

**Officers Involved-**

> K Race, P#9196 (8P10)
> D Hawkins, P# 9151 (8P8)

**Detectives Involved-**

> S Farrington, P#8244 (FA3)
> M Kitchen, P# 6474 (FA5)
> Sgt. A. Wolfenbarger, P# 5980 (681FA)

**Property Impounded-**

> Pkg 1/Item 1    Ruger LCP handgun S# 37390032
> Pkg 2/Item 2    Mossberg 88 pump shotgun S# MV84015D
> Pkg 3/Item 3    DNA Buccal swab Caorey Stubbs
> Pkg 4/Item 4    DNA Buccal swab Kevin Stubbs

**Details-**

    On the 27th day of September, 2013, LVMPD Officer K Race, P# 9196, received information that Kevin Stubbs, ID # 1992318, and his brother Corey Stubbs, ID# 1999193, were in possession of a stolen vehicle and that Kevin had made threats to credible threats toward law enforcement officers to shoot it out with them, instead of going to jail. This information was provided by the Henderson Police Department. Henderson PD also stated that Kevin was in possession of a firearm.
    Officer Race was familiar with Kevin and Corey Stubbs and knew they stayed at the address of 9735 Powell Plateau Las Vegas, Clark County, NV. Officer Race and Officer D. Hawthorn, P# 9151, responded to that address and set up surveillance in a plain clothes capacity around 2000 hrs on the 27th of September, 2013. At approximately 2010 hrs. a black newer model Camaro drove up in front of the residence, occupied by

LVMPD 602 (Rev  5/19/11) WORD 2010

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
# CONTINUATION REPORT

ID/EVENT #: _____ **1999193** _____

Corey Stubbs, the driver, and Kevin Stubbs, the passenger. Both occupants of the Camaro exited and walked inside 9735 Powell Plateau.

Around 2112 hours both Corey and Kevin exited the residence and proceeded to re-enter the Camaro when they were taken into custody by Officer Race and Hawkins. On the front passenger seat where Kevin was sitting was a Ruger model LCP .380 caliber semi-auto pistol with a serial number of 373-90032. Kevin is a convicted felon for Battery with a Deadly Weapon, 2007 NV, and Coercion with Deadly Weapon, 2007 NV. Corey is a convicted felon for Battery with a Deadly Weapon, 2007 NV, Coercion with Deadly Weapon, 2007 NV, and Battery with Deadly Weapon, 2008 NV.

Due to officers knowing this information and the fact that there was a pistol in the vehicle, Officer Race notified the LVMPD Firearms Investigations Unit and requested our assistance. Upon the arrival of Detective M. Kitchen, P# 6474, Sgt. A. Wolfenbarger, P# 5980, and I, Detective S. Farrington, P# 8244, we confirmed the aforementioned information. Since the vehicle was embezzled from a rental company and the fact that both Corey and Kevin lived at the address of 9735 Powell Plateau, it was believed that more evidence was inside the residence.

A search warrant was applied for and granted by the Honorable Judge Tobiasson for the residence of 9735 Powell Plateau as well as the DNA of Cory and Kevin Stubbs. During the execution of the search warrant a Mossberg model 88 12 gauge, pump action shotgun, with a serial number of MV84015D was located in an upstairs bedroom. This bedroom belonged to Corey Stubbs due to paperwork being found with his name on it as well as pictures of him on the walls

Both Corey's and Kevin's DNA were recovered and will be compared to any DNA recovered from the processing of the firearms. Corey was arrested for Own/Possess Gun by Prohibited Person, due to a shotgun being found in his room. Kevin was arrested for Own/Possess Gun by Prohibited Person for the pistol found in the embezzled car, on the passenger seat, he was the passenger of as well as the fact that credible information was obtained by Henderson PD stating that Kevin was in possession of a firearm.

Both were transported and booked at CCDC. Judgments of Conviction have been ordered for both Corey and Kevin and will be given to the DA's office immediately upon receipt.

00065

# Exhibit 4

**craig@drummondfirm.com**

| | |
|---|---|
| **From:** | Silva, Cristina (USANV) <Cristina.Silva@usdoj.gov> |
| **Sent:** | Thursday, November 14, 2013 5:42 PM |
| **To:** | craig@drummondfirm.com |
| **Cc:** | Dickinson, Nicholas (USANV) |
| **Subject:** | RE: US v. Kevin Stubbs, 2:13-cr-00381-APG |

Hi Craig,

Please advise what you mean by chain of custody reports. Are you referring to property reports? I cannot estimate when the DNA results will be back. It depends on LVMPD's lab. In my experience, its taken up to 18 months to get results back.

You are not entitled to disciplinary files, if they exist, of the officers, either under Rule 16 or under the JDA. If the case proceeds to trial, and there is any Gigilio material that needs to be disclosed for a witness that is actually testifying, it will be disclosed accordingly.

I am unaware of any video, audio, etc., but I will double check and make sure none exists.

Thanks,
Cristina

---

**From:** craig@drummondfirm.com [mailto:craig@drummondfirm.com]
**Sent:** Tuesday, November 12, 2013 1:00 PM
**To:** Silva, Cristina (USANV)
**Subject:** US v. Kevin Stubbs, 2:13-cr-00381-APG

Cristina,

We have reviewed the discovery related to Mr. Stubbs. At your office's convenience, can you provide us copies of the unredacted LVMPD Arrest report, page 9. There is a paragraph blacked out. Can you please also provide us the chain of custody and allied documents for both the Ruger pistol and the collected DNA as it relates to my client. Can you also let me know your estimate on when the DNA results will be back.

This is also a request for the complete disciplinary file of officers K. Race, P#9196, D. Hawkins, P#9151, S. Farrington, P#8244, M. Kitchen, P#6474, and A. Wolfenbarger, P#5980.

I believe this case is governed by a Joint Discovery Agreement, as such, I wanted to email you before filing any requests with the Court.

Additionally, this is a request that all video, audio and other surveillance related to this incident be preserved.

Thanks.

Craig

**CRAIG W. DRUMMOND**
DRUMMOND & NELSON
Trial Attorneys
228 South Fourth St.

First Floor
Las Vegas, NV 89101
T: (702) 366-9966
F: (702) 508-9440
www.drummondfirm.com

Licensed in NV and MO.

This message contains information which may be confidential and privileged . Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message.  If you have received the message in error, please advise the sender by reply at craig@drummondfirm.com and delete the message.  Thank you.

# **<u>Exhibit 5</u>**

| **Las Vegas Metropolitan Police Department**<br>**Forensic Laboratory**<br><br>**Report of Examination**<br><br>**Biology/DNA Forensic Casework** | **Distribution Date:** March 27, 2014<br>**Agency:** LVMPD<br>**Primary Case #:** 130927-3727<br>EX-Felon Poss F/A, Search<br>**Incident:** Warrant<br>**Requester:** Scott W Farrington<br>**Location:** Gang Crimes Bureau<br>**Lab Case #:** 13-06328 |
|---|---|
| **Subject(s):** | Kevin STUBBS (Suspect)<br>Corey STUBBS (Suspect)<br>UNITED STATES OF AMERICA (Victim) |

The following evidence was examined and results are reported below.

| Lab Item # | Impound Pkg # | Impound Item # | Description | Summary |
|---|---|---|---|---|
| Item 1 | 006474 - 01 | 01 | Ruger LCP handgun and magazine with loaded rounds | |
| Item 1.1 | | | - Ruger LCP handgun, SN: 373-90032 | • Mixture profile |
| Item 1.2 | | | - Ruger .380 magazine (with loaded rounds not examined) | • Complex mixture profile |
| Item 2 | 006474 - 2 | 2 | Mossberg shotgun with ammunition | |
| Item 2.1 | | | - Mossberg Model 88 12 gauge shotgun, SN: MV84015D | • Inconclusive mixture profile |
| Item 5 | 006474 - 5 | 5 | Box of ammunition and magazine | |
| Item 5.1 | | | - Empty Davis Industries P380 magazine | • Inconclusive mixture profile |
| Item 6 | 006474 - 6 | 6 | Two magazines | |
| Item 6.1 | | | - Empty dark gray metal magazine | • Mixture profile |
| Item 6.2 | | | - Empty black metal magazine | • Inconclusive mixture profile |
| Item 3 | 006474 - 03 | | Buccal swabs from Corey Stubbs | • Full male profile |
| Item 4 | 006474 - 04 | | Buccal swabs from Kevin Stubbs | • Full male profile |

## Results and Conclusions:

Item 1.1, Item 1.2, Item 2.1, Item 5.1, Item 6.1, Item 6.2, Item 3, and Item 4 were subjected to PCR amplification at the following STR genetic loci: D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, D5S818, and FGA. The sex-determining Amelogenin locus was also examined.

**Lab Item 1.1**
The DNA profile obtained from the Ruger LCP handgun (Item 1.1) is consistent with a mixture of at least three individuals with at least one being a male. The partial major DNA profile is consistent with Corey Stubbs (Item 3). The estimated frequency of the partial major DNA profile among unrelated individuals in the general population is rarer than 1 in 700 billion (identity assumed). No conclusions can be made regarding the minor contributors.

**Lab Item 1.2**
Conclusions with regard to the Ruger .380 magazine (Item 1.2) cannot be reached because the profile is not suitable for comparison.

**Lab Item 2.1**
Conclusions with regard to the Mossberg Model 88 12 gauge shotgun (Item 2.1) cannot be reached because the profile is not suitable for comparison.

**Lab Item 5.1**
Conclusions with regard to the empty Davis Industries P380 magazine (Item 5.1) cannot be reached because the profile is not suitable for comparison.

**Lab Item 6.1**
The DNA profile obtained from the empty dark gray metal magazine (Item 6.1) is consistent with a mixture of at least three individuals with at least one being a male. The partial major DNA profile is consistent with an unknown male #1. Corey Stubbs (Item 3) and Kevin Stubbs (Item 4) can be excluded as a contributor to the partial major DNA profile obtained. No conclusions can be made regarding the minor contributors.

**Lab Item 6.2**
Conclusions with regard to the empty black metal magazine (Item 6.2) cannot be reached because the profile is not suitable for comparison.

The evidence is returned to secure storage.

Julie M. Marschner, #8806                              03/17/2014
Forensic Scientist II

- END OF REPORT -

PKT 2 OF 2 - LAB Report-Released-(6408).pdf