UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>KEVIN STUBBS,<br><br>                Defendant. | Case No. 2:13-cr-00381-APG-CWH<br><br>JURY INSTRUCTIONS<br> |

Members of the jury: now that you have heard all the evidence, it is my duty to instruct you on the law applicable to this case. A copy of these instructions will be available in the jury room for you to consult.

Remembering the oath you took at the beginning of this case, it is your sworn duty to decide the facts by weighing all the evidence that has been presented to you over the course of this trial. You must then apply those facts to the law as provided in these Instructions, regardless of whether you agree with the law. Additionally, you must not be influenced by any personal opinions, prejudices, or sympathies, but rather only by the evidence that has been presented to you.

As I said before trial, the Indictment is not in any sense evidence of the allegations it contains. The Defendant, Kevin Stubbs, entered a plea of "not guilty" to the charges set forth in the Indictment. The law presumes him innocent of the charges until the Government has proved his guilt.

The law does not require a defendant to prove his innocence, nor to produce any evidence at all. No inference whatsoever may be drawn from his election not to do so. The Government has the burden of proving each element of the charges beyond a reasonable doubt.

Jury Instructions

Your duty is to determine whether the Government has met its burden. If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

You should take care to follow all of my instructions, because they are all equally important—do not follow some and ignore others. You should not infer from these Instructions, or from anything else I may have said or done, any suggestion as to what verdict you should reach—that matter is entirely up to you.

**VERDICT AS TO ACCUSED AND THE OFFENSE CHARGED ONLY**

You are here only to determine whether Mr. Stubbs is guilty or not guilty of the charge in the indictment. He is not on trial for any conduct or offense not charged in the Indictment.

**REASONABLE DOUBT**

I have told you that the Government must prove Mr. Stubbs's guilt beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. The Government does not have to prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense rather than purely on speculation. It may arise from careful and impartial consideration of all the evidence or lack of evidence.

If, after careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**WHAT IS EVIDENCE**

In deciding the facts, the evidence you are to consider consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which all the parties agree by stipulation.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them at all in deciding the facts:

(1) Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand a witness's answers, the questions themselves are not evidence. Similarly, the lawyers' statements in their opening arguments, closing arguments, and throughout the trial were intended to help you interpret the evidence, but are not themselves evidence. If the facts as you remember them differ from the way the lawyers stated them, you should rely on your own memory.

(2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

(3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence presented at the trial.

**STIPULATION OF FACT**

The parties have agreed to certain facts in the form of a written stipulation of facts that have been read to you.  You should therefore treat these facts as having been proved.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about things that witness personally saw, heard, or did. Circumstantial evidence is indirect evidence—it is proof of one or more facts from which you can infer another fact.

You should consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight you should give to either direct or circumstantial evidence—you must decide for yourselves how much weight each piece of evidence deserves.

**WITNESS CREDIBILITY**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may choose to believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable each witness was, and how much weight you think their testimony deserves.

## OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT NOT CHARGED

You heard evidence that Mr. Stubbs may have committed other crimes, wrongs, or acts not charged here that are related to the date in question. You may consider this evidence only for its bearing in this case, if any, on the question of Mr. Stubbs's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which Mr. Stubbs is now on trial.

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that Mr. Stubbs did not testify.

**STATEMENTS BY DEFENDANT**

You have heard testimony that Mr. Stubbs made a statement. You must decide: (1) whether he made the statement, and (2) if he did, how much weight you give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which Mr. Stubbs may have made it.

**PRIOR CONVICTION OF DEFENDANT**

You heard evidence that Mr. Stubbs has previously been convicted of a crime. You may consider that evidence only as it relates to an element of the offense of Felon in Possession of a Firearm, as charged in the Indictment. You may not consider a prior conviction for any other purpose.

## ELEMENTS OF THE OFFENSE – FELON IN POSSESSION OF A FIREARM

KEVIN STUBBS is charged in Count Two of the Indictment with being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). In order for Mr. Stubbs to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First: On or about September 27, 2013, Mr. Stubbs knowingly possessed an LCP .380 caliber Ruger handgun bearing serial number 37390032 (the "firearm");

Second: The firearm had been shipped or transported from one state to another;

Third: At the time Mr. Stubbs possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## POSSESSION OF THE FIREARM – DEFINED

To prove the first element of the offense—"possession of the firearm"—the Government does not need to prove that Mr. Stubbs owned the firearm, only that he possessed the firearm. It is possession of the firearm, not ownership, which constitutes the first element of the offense.

A person has "possession" of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

Possession of a firearm can be "actual" or "constructive." "Actual possession" means physical custody.

"Constructive possession" exists when a person does not have actual possession, but instead knowingly has the power and intention to possess it, given time to exercise dominion and control of the object, either directly or through another person or persons. To show constructive possession, the Government must prove a connection between Mr. Stubbs and the firearm sufficient to support the inference that he exercised dominion and control over it.

Merely associating with, or being in the presence of, another person who had actual possession of a firearm is not enough to establish possession of that firearm. Similarly, simply being close to the location in which a firearm is recovered is not enough to establish possession of that firearm. The element of control necessary for possession of a firearm is not satisfied if Mr. Stubbs was merely in the presence of the firearm and could reach out and take it.

**KNOWINGLY--DEFINED**

An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of Mr. Stubbs's words, acts, or omissions, along with all the other evidence, in deciding whether he acted knowingly.

The Government is not required to prove that Mr. Stubbs knew that his acts or omissions were unlawful. In other words, Mr. Stubbs need not be aware of his felon status, or that the firearm traveled in interstate commerce.

## CLOSING INSTRUCTIONS

When you begin your deliberations, elect one member of the jury as your foreperson. Your foreperson will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement, if you can. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, and discussed it fully with your fellow jurors, listening to their views.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but only if each of you can do so after making your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a unanimous verdict.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The punishment the law provides for these crimes is for the Court to decide. You must not consider punishment in deciding whether the Government has proved its case against Mr. Stubbs beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If during your deliberations you need to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will respond to the jury concerning the case only in writing or here in open court. If you send me a question, I will consult with the lawyers before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.

Dated: April 21, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE